IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

| | |
|---|---|
| LAMIKCO TWANET MAGEE<br><br>    Plaintiff,<br><br>v.<br><br>AMHERST-PELHAM REGIONAL PUBLIC SCHOOLS and individually<br>MICHAEL MORRIS,<br>and DOREEN CUNNINGHAM, and<br>DOUGLAS SLAUGHTER<br><br><br>    Defendant. | Civil Action No.:<br><br>3:24-cv-30049-MGM<br><br>Jury Trial Demanded |

## PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff moves this Court for leave to file a Second Amended Complaint, a copy of which is attached as Exhibit A.

Plaintiff's Second Amended Complaint is the result of productive Local Rule 7.1 discussions between the parties. Compared to her Amended Complaint (ECF No. 6), Plaintiff's Second Amended Complaint withdraws a number of claims against the Defendants, narrows other claims so that they are asserted against fewer

1

Defendants, and pleads in greater detail the factual bases for several of Plaintiff's remaining claims. Defendants have stated they will not oppose this Motion, even as they reserve all other rights. Accordingly, and for the reasons set forth below, the Court should grant this motion.

## BACKGROUND

The original complaint in this matter was filed on April 5, 2024. (ECF No. 1.) Waivers of Service were executed on behalf of the defendants on April 12, 2024 and April 16, 2024. (ECF Nos. 4 & 5.) Plaintiff filed her Amended Complaint on April 24, 2024. (ECF No. 6.)

The parties then engaged in extensive communications pursuant to Local Rule 7.1 to narrow their areas of difference prior to potential motions to dismiss. To facilitate those discussions, and to allow Plaintiff time to amend her complaint in response to them, the parties sought and obtained extensions of the deadline for responding to the Amended Complaint. (ECF Nos. 8, 10-12)

Plaintiff has now modified her complaint to account for points raised by Defendants during the parties' Rule 7.1 correspondence. The modifications—which include withdrawing Counts VII, IX, and X of the Amended Complaint, removing Defendant Doreen Cunningham from Count VI of the Amended Complaint, and removing Defendant Amherst-Pelham Regional Public Schools from Count XI of

2

the Amended Complaint, as well as honing the factual allegations supporting other counts—are all reflected in Plaintiff's Second Amended Complaint. (*Compare* ECF No. 6 (Amended Complaint), *with* Ex. A (Second Amended Complaint).)

## ARGUMENT

After a defendant has entered an appearance, a plaintiff may amend her complaint only with the defendant's consent or the court's leave. Whether to grant leave to amend a complaint is within the court's sound discretion, subject to the proviso that "leave shall be freely given when justice so requires." *Mirpuri v. Act Manufacturing, Inc.*, 212 F.3d 624 (1st Cir. 2000). Absent an adequate reason for denying leave to amend, in other words, a motion seeking leave to amend a complaint should be granted. *See Glassman v. Computervision Corp.*, 90 F.3d 617, 622 (1st Cir. 1996) *(*"Unless there appears to be an adequate reason for the denial of leave to amend (e.g., undue delay, bad faith, dilatory motive, futility of amendment, prejudice), we will not affirm it.").

There are good reasons for granting Plaintiff leave to amend her Amended Complaint. *First*, Defendants have indicated they will not oppose this motion. *See* Fed. R. Civ. P. 15(a)(2) (authorizing amendment where opposing parties consent). *Second*, Plaintiff's proposed Second Amended Complaint reflects the benefits of the parties' extensive discussions under Local Rule 7.1. The Second Amended

3

Complaint eliminates a number of counts against various Defendants and is pleaded in greater detail, so that it should help the Court and the parties resolve this case more fairly and expeditiously and, potentially, without needless motion practice. That type of narrowing and honing of a complaint is precisely the purpose of Local Rule 7.1.

There are, by contrast, no reasons to deny Plaintiff leave to amend. Plaintiff has not engaged in any undue delay, nor is her motion for leave to amend made in bad faith or with any sort of dilatory motive. Just the opposite, Plaintiff has amended her complaint with the aim of streamlining the issues in this litigation, so that only the strongest of her claims are presented here.

Perhaps most importantly, Defendants will not suffer any undue prejudice by virtue of the Court's allowance of the proposed amendment. The determination of whether prejudice would occur involves assessing whether an amendment would result in additional discovery, cost, or preparation to defend against new facts or theories. *See Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Defendants are already familiar with the facts and theories supporting Plaintiff's proposed Second Amended Complaint, which are substantially the same as the ones described in Plaintiff's First Amended Complaint. There is no scheduling order that requires amending, and the litigation is in its earliest stage, such that

Defendants will not have to redo any discovery if Plaintiff's motion for leave to amend is granted.  Finally, the parties' concurrently filed Third Joint Motion to Extend Deadline to File Answer or Response to Plaintiff's Complaint will, if granted, ensure that Defendants have adequate opportunity to evaluate Plaintiff's Second Amended Complaint and respond to it.

## CONCLUSION

For the reasons identified above, Plaintiff respectfully requests that the Court grant this unopposed motion for leave to file a Second Amended Complaint.

Respectfully submitted, this 9th day of July, 2024.

>By: */s/ Arnold J. Lizana*
>Arnold J. Lizana, Esq., BBO # 546161
>alizana@attorneylizana.com
>Law Offices of Arnold J. Lizana III
>1175 Peachtree Street NE, 10th Floor
>Atlanta, GA 30361
>Phone (404) 207-1559
>*Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this 9th day of July, 2024.

Subscribed under penalty of perjury.

/S/ Arnold J. Lizana
Law Offices of Arnold J. Lizana III
BBO # 546161
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
Tel./Fax 877-443-0999
alizana@attorneylizana.com