UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
SPRINGFIELD DIVISION

CIVIL ACTION NO. 3:24-CV-30049-MGM

| | |
|---|---|
| LAMIKCO TWANET MAGEE,<br>　　　Plaintiff | ) |
| | ) |
| | ) |
| vs. | ) |
| | ) |
| AMHERST-PELHAM REGIONAL PUBLIC | ) |
| SCHOOLS and individually | ) |
| MICHAEL MORRIS, | ) |
| DOREEN CUNNINGHAM, and | ) |
| DOUGLAS SLAUGHTER | ) |
| 　　　Defendants | ) |

## DEFENDANTS', AMHERST-PELHAM REGIONAL PUBLIC SCHOOLS, MICHAEL MORRIS, AND DOUGLAS SLAUGHTER, ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

1.　　The Defendants deny the allegations contained in paragraph 1 of the Plaintiff's Second Amended Complaint.

2.　　The allegations in paragraph 2 of Plaintiff's Second Amended Complaint are in the form of a legal conclusion and therefore no response is required.

3.　　The allegations in paragraph 3 of Plaintiff's Second Amended Complaint are in the form of a legal conclusion and therefore no response is required.

4.　　The allegations in paragraph 4 of Plaintiff's Second Amended Complaint are in the form of a legal conclusion and therefore no response is required.

## PARTIES

5.　　The Defendants admit the Plaintiff is an African-American woman. Defendants neither admit nor deny the remaining allegations in the first sentence of paragraph 5 of Plaintiff's Second Amended Complaint as they are without knowledge or information sufficient to form a belief

as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof. Defendants admit Plaintiff had been employed with the Defendants since 2016, but Defendants deny the remaining allegations contained in paragraph 4 of Plaintiff's Second Amended Complaint.

6.    The Defendants admit the allegations contained in paragraph 6 of Second Amended Complaint.

7.    The Defendants admit the allegations contained in paragraph 7 of Second Amended Complaint.

8.    Defendants admit the allegations contained in the first sentence of paragraph 8 of Plaintiff's Second Amended Complaint, but deny the remaining allegations.

9.    The Defendants deny the allegations contained in paragraph 9 of Plaintiff's Second Amended Complaint.

## BACKGROUND

*Ms. Magee is an exemplary educator who has worked hard to build a sterling reputation.*

*To the extent that a response is required to this unnumbered statement, Defendants deny it.*

10.    Defendants neither admit nor deny the allegations contained in paragraph 10 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

11.    Defendants neither admit nor deny the allegations contained in paragraph 11 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

12. Defendants neither admit nor deny the allegations contained in paragraph 12 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

13. The Defendants admit the Plaintiff began working as special education teacher in 2016, but Defendants neither admit nor deny the remaining allegations contained in paragraph 13 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

14. Defendants neither admit nor deny the allegations contained in the first two sentences of paragraph 14 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof. The Defendants deny the allegations contained in the final sentence of paragraph 14.

15. Defendants neither admit nor deny the allegations contained in paragraph 15 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

16. Defendants neither admit nor deny the allegations contained in paragraph 16 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

17. Defendants neither admit nor deny the allegations contained in paragraph 17 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

18. The Defendants admit the allegations contained in paragraph 18 of Plaintiff's Second Amended Complaint.

19.     Defendants neither admit nor deny the allegations contained in paragraph 19 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

20.     Defendants neither admit nor deny the allegations contained in paragraph 20 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

21.     Defendants neither admit nor deny the allegations contained in paragraph 21 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

22.     The Defendants admit the Plaintiff participated in labor negotiations with Defendant, ARPS, but Defendants neither admit nor deny the remaining allegations contained in paragraph 22 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

23.     Defendants neither admit nor deny the allegations contained in paragraph 23 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

24.     Defendants deny the allegations contained in paragraph 24 of Plaintiff's Second Amended Complaint.

25.     Defendants deny the allegations contained in paragraph 25 of Plaintiff's Second Amended Complaint.

26.     Defendants deny the allegations contained in paragraph 26 of Plaintiff's Second Amended Complaint.

27.     Defendants deny the allegations contained in paragraph 27 of Plaintiff's Second Amended Complaint.

28.     Defendants deny the allegations contained in paragraph 28 of Plaintiff's Second Amended Complaint.

29.     Defendants deny the allegations contained in paragraph 29 of Plaintiff's Second Amended Complaint.

30.     Defendants deny the allegations contained in paragraph 30 of Plaintiff's Second Amended Complaint.

31.     Defendants admit in September 2022, Ms. Magee sent an email to Jennifer Ortiz. Defendants deny all remaining allegations contained in paragraph 31 of Plaintiff's Second Amended Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of Plaintiff's Second Amended Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of Plaintiff's Second Amended Complaint.

34.     Defendants deny the allegations contained in paragraph 34 of Plaintiff's Second Amended Complaint.

35.     Defendants admit the allegations contained in paragraph 35 of Plaintiff's Second Amended Complaint.

36.     Defendants admit the allegations contained in paragraph 36 of Plaintiff's Second Amended Complaint.

37.     Defendants admit the two finalists selected for the principal position were outside candidates but deny the remaining allegations contained in the first sentence of paragraph 37.

Defendants admit the allegations contained in the final sentence of paragraph 37 of Plaintiff's Second Amended Complaint.

38.    Defendants admit that Plaintiff sent an email to the Defendants in April 2023. Defendants neither admit nor deny the remaining allegations contained in paragraph 38 as the facts alleged summarize a document which speaks for itself and therefore no response is required.

39.    Defendants neither admit nor deny the allegations contained in paragraph 39 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

40.    Defendants neither admit nor deny the allegations contained in paragraph 40 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

41.    Defendants admit that Plaintiff was not offered the principal position, but deny the remaining allegations contained in paragraph 41 of Plaintiff's Second Amended Complaint .

42.    Defendants admit that Ms. Cunningham submitted a statement to the School Committee in May 2023 but neither admit nor deny the remaining allegations contained in paragraph 42 as the facts alleged summarize a document which speaks for itself and therefore no response is required.

43.    Defendants deny the allegations contained in paragraph 43 of Plaintiff's Second Amended Complaint .

44.    Defendants deny the allegations contained in paragraph 44 of Plaintiff's Second Amended Complaint.

45.    The allegations in paragraph 45 are in the form of a legal conclusion and therefore no response is required.

46.     Defendants deny the allegations contained in paragraph 46 of Plaintiff's Second Amended Complaint.

47.     Defendants deny the allegations contained in paragraph 47 of Plaintiff's Second Amended Complaint.

48.     Defendants neither admit nor deny the allegations contained in paragraph 48 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

49.     Defendants neither admit nor deny the allegations contained in paragraph 49 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

50.     Defendants neither admit nor deny the allegations contained in paragraph 50 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

51.     Defendants deny the allegations contained in paragraph 51 of Plaintiff's Second Amended Complaint.

52.     Defendants admit the allegations contained in the first sentence of paragraph 52. Defendants neither admit nor deny the remaining allegations contained in paragraph 52 as the facts alleged summarize a document which speaks for itself and therefore no response is required.

53.     Defendants deny the allegations contained in paragraph 53 of Plaintiff's Second Amended Complaint.

***ARPS and its leadership have engaged in a pattern or practice of similar misconduct by discriminating against other staff members who engaged in protected speech.***

*To the extent that a response is required to this unnumbered statement, Defendants deny it.*

54.   Defendants deny the allegations contained in paragraph 54 of Plaintiff's Second Amended Complaint.

55.   Defendants deny the allegations contained in paragraph 55 of Plaintiff's Second Amended Complaint.

56.   Defendants deny the allegations contained in paragraph 56 of Plaintiff's Second Amended Complaint.

57.   Defendants deny the allegations contained in paragraph 57 of Plaintiff's Second Amended Complaint.

### *Doreen Cunningham publishes a defamatory flyer about Ms. Magee, then Douglas Slaughter republishes it online.*

*To the extent that a response is required to this unnumbered statement, Defendants deny it.*

58.   Defendants deny the allegations contained in paragraph 58 of Plaintiff's Second Amended Complaint.

59.   Defendants deny the allegations contained in paragraph 59 of Plaintiff's Second Amended Complaint.

60.   Defendants neither admit nor deny the allegations contained in paragraph 60 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

61.   Defendants admit the allegations contained in paragraph 61 of Plaintiff's Second Amended Complaint.

62.   Defendants admit that an investigative report exists that discusses the events surrounding the May 16, 2023, school board meeting, but neither admit nor deny the remaining allegations contained in paragraph 62 as the facts alleged summarize a document which speaks for itself and therefore no response is required.

63.    Defendants neither admit nor deny the allegations contained in paragraph 63 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

64.    Defendants neither admit nor deny the allegations contained in paragraph 64 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

65.    Defendants neither admit nor deny the allegations contained in paragraph 65 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

66.    Defendants admit the allegations contained in paragraph 66 of Plaintiff's Second Amended Complaint.

67.    Defendants neither admit nor deny the allegations contained in paragraph 67 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

68.    Defendants neither admit nor deny the allegations contained in paragraph 68 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

69.    Defendants neither admit nor deny the allegations contained in paragraph 69 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

70.    Defendants neither admit nor deny the allegations contained in paragraph 70 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

71.   Defendants neither admit nor deny the allegations contained in paragraph 71 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

72.   The Defendants neither admit nor deny the statements in paragraph 72 of Plaintiff's Second Amended Complaint as it does not allege a fact in which a response is required.

73.   The Defendants deny the allegations contained in paragraph 73 of Plaintiff's Second Amended Complaint.

74.   Defendants neither admit nor deny the allegations contained in paragraph 74 as the facts alleged summarize a document which speaks for itself and therefore no response is required.

75.   Defendants neither admit nor deny the allegations contained in paragraph 75 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

76.   Defendants neither admit nor deny the allegations contained in paragraph 76 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

77.   Defendants neither admit nor deny the allegations contained in the first sentence of paragraph 77 as the facts alleged summarize a document which speaks for itself and therefore no response is required.  Defendants neither admit nor deny the remaining allegations contained in paragraph 77 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

78.   Defendants neither admit nor deny the allegations contained in paragraph 78 as the facts alleged summarize a document which speaks for itself and therefore no response is required.

79.    Defendants neither admit nor deny the allegations contained in paragraph 79 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

80.    Defendants deny the allegations contained in paragraph 80 of Plaintiff's Second Amended Complaint.

81.    Defendants deny the allegations contained in paragraph 81 of Plaintiff's Second Amended Complaint.

82.    Defendants deny the allegations contained in paragraph 82 of Plaintiff's Second Amended Complaint.

83.    Defendants deny the allegations contained in paragraph 83 of Plaintiff's Second Amended Complaint.

84.    Defendants deny the allegations contained in paragraph 84 of Plaintiff's Second Amended Complaint.

***Ms. Magee sought and obtained a right to sue letter from the Massachusetts Commission Against Discrimination.***

*To the extent that a response is required to this unnumbered statement, Defendants admit it.*

85.    Defendants admit the allegations contained in paragraph 85 of Plaintiff's Second Amended Complaint.

86.    Defendants admit the allegations contained in paragraph 86 of Plaintiff's Second Amended Complaint.

87.    Defendants admit the allegations contained in paragraph 87 of Plaintiff's Second Amended Complaint.

88.    Defendants neither admit nor deny the allegations contained in paragraph 88 as the facts alleged summarize a document which speaks for itself and therefore no response is required.

89.    Defendants admit the allegations contained in paragraph 89 of Plaintiff's Second Amended Complaint.

**Defendants locked Ms. Magee out of her email and unlawfully terminated her employment.**

*To the extent that a response is required to this unnumbered statement, Defendants deny it.*

90.    Defendants deny the allegations contained in paragraph 90 of Plaintiff's Second Amended Complaint.

91.    Defendants deny the allegations contained in paragraph 91 of Plaintiff's Second Amended Complaint.

92.    Defendants deny the allegations contained in paragraph 92 of Plaintiff's Second Amended Complaint.

93.    Defendants neither admit nor deny the allegations contained in paragraph 93 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

**ARPS and Mr. Slaughter continue retaliating against Ms. Magee after she files this lawsuit.**

*To the extent that a response is required to this unnumbered statement, Defendants deny it.*

94.    Defendants deny the allegations contained in paragraph 94 of Plaintiff's Second Amended Complaint.

95.    Defendants deny the allegations contained in paragraph 95 of Plaintiff's Second Amended Complaint.

96.    Defendants deny the allegations contained in paragraph 96 of Plaintiff's Second Amended Complaint.

97.  Defendants deny the allegations contained in paragraph 97 of Plaintiff's Second Amended Complaint.

98.  Defendants neither admit nor deny the allegations contained in paragraph 98 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

### *Defendants' wrongdoing has substantially harmed Ms. Magee*

*To the extent that a response is required to this unnumbered statement, Defendants deny it.*

99.  Defendants deny the allegations contained in paragraph 99 of Plaintiff's Second Amended Complaint.

100. Defendants neither admit nor deny the allegations contained in paragraph 100 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

101. Defendants deny the allegations contained in paragraph 101 of Plaintiff's Second Amended Complaint.

102. Defendants deny the allegations contained in paragraph 102 of Plaintiff's Second Amended Complaint.

103. Defendants admit that Plaintiff went on leave on or around April 29, 2024, but deny that the leave was forced by any action or inaction taken by the Defendants. The Defendants neither admit nor deny the remaining allegations contained in paragraph 103 as they are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and leave Plaintiff to her burden of proof.

104. Defendants deny the allegations contained in paragraph 104 of Plaintiff's Second Amended Complaint.

## CAUSES OF ACTION

### COUNT I: DEFAMATION (AGAINST DOREEN CUNNINGHAM)

105.  Defendants incorporate by reference their answers to the allegations in the above paragraphs, as if fully stated herein.

106.  The Defendants state that they need not respond to the allegations contained in paragraph 106 of Plaintiff's Second Amended Complaint as the allegations do not apply to them.

107.  The Defendants state that they need not respond to the allegations contained in paragraph 107 of Plaintiff's Second Amended Complaint as the allegations do not apply to them.

108.  The Defendants state that they need not respond to the allegations contained in paragraph 108 of Plaintiff's Second Amended Complaint as the allegations do not apply to them.

109.  The Defendants state that they need not respond to the allegations contained in paragraph 109 of Plaintiff's Second Amended Complaint as the allegations do not apply to them.

110.  The Defendants state that they need not respond to the allegations contained in paragraph 110 of Plaintiff's Second Amended Complaint as the allegations do not apply to them.

### COUNT II: DEFAMATION (AGAINST DOUGLAS SLAUGHTER)

111.  Defendants incorporate by reference their answers to the allegations in the above paragraphs, as if fully stated herein.

112.  Defendants deny the allegations contained in paragraph 112 of Plaintiff's Second Amended Complaint.

113.  Defendants deny the allegations contained in paragraph 113 of Plaintiff's Second Amended Complaint.

114.  Defendants deny the allegations contained in paragraph 114 of Plaintiff's Second Amended Complaint.

115.    Defendants deny the allegations contained in paragraph 115 of Plaintiff's Second Amended Complaint.

116.    Defendants deny the allegations contained in paragraph 116 of Plaintiff's Second Amended Complaint.

117.    Defendants deny the allegations contained in paragraph 117 of Plaintiff's Second Amended Complaint.

118.    Defendants deny the allegations contained in paragraph 118 of Plaintiff's Second Amended Complaint.

## COUNT III: RETALIATORY HARASSMENT IN VIOLATION OF 42 U.S.C. § 2000E-3(A) (AGAINST ARPS)

119.    Defendants incorporate by reference their answers to the allegations in the above paragraphs, as if fully stated herein.

120.    Defendants deny the allegations contained in paragraph 120 of Plaintiff's Second Amended Complaint.

121.    The allegations in paragraph 121 of Plaintiff's Second Amended Complaint are in the form of a legal conclusion and therefore no response is required.

122.    Defendants deny the allegations contained in paragraph 122 of Plaintiff's Second Amended Complaint.

123.    Defendants deny the allegations contained in paragraph 123 of Plaintiff's Second Amended Complaint.

124.    Defendants deny the allegations contained in paragraph 124 of Plaintiff's Second Amended Complaint.

125.   Defendants deny the allegations contained in paragraph 125 of Plaintiff's Second Amended Complaint.

126.   Defendants deny the allegations contained in paragraph 126 of Plaintiff's Second Amended Complaint.

## COUNT IV: RETALIATORY HARASSMENT IN VIOLATION OF M.G.L. C.151B

## (AGAINST ARPS)

127.   Defendants incorporate by reference their answers to the allegations in the above paragraphs, as if fully stated herein.

128.   Defendants deny the allegations contained in paragraph 128 of Plaintiff's Second Amended Complaint.

129.   Defendants deny the allegations contained in paragraph 129 of Plaintiff's Second Amended Complaint.

130.   Defendants deny the allegations contained in paragraph 130 of Plaintiff's Second Amended Complaint.

131.   Defendants deny the allegations contained in paragraph 131 of Plaintiff's Second Amended Complaint.

132.   Defendants deny the allegations contained in paragraph 132 of Plaintiff's Second Amended Complaint.

## COUNT V: RACIAL DISCRIMINATION IN VIOLATION OF M.G.L. C.151B

## (AGAINST ARPS)

133.   Defendants incorporate by reference their answers to the allegations in the above paragraphs, as if fully stated herein.

134.    The allegations in paragraph 134 of Plaintiff's Second Amended Complaint are in the form of a legal conclusion and therefore no response is required.

135.    Defendants deny the allegations contained in paragraph 135 of Plaintiff's Second Amended Complaint.

136.    Defendants deny the allegations contained in paragraph 136 of Plaintiff's Second Amended Complaint.

137.    Defendants deny the allegations contained in paragraph 137 of Plaintiff's Second Amended Complaint.

## COUNT VI: RETALIATORY HARASSMENT IN VIOLATION OF M.G.L. C.151B

### (AGAINST MICHAEL MORRIS AND DOUGLAS SLAUGHTER)

138.    Defendants incorporate by reference their answers to the allegations in the above paragraphs, as if fully stated herein.

139.    The allegations in paragraph 139 of Plaintiff's Second Amended Complaint are in the form of a legal conclusion and therefore no response is required.

140.    Defendants deny the allegations contained in paragraph 140 of Plaintiff's Second Amended Complaint.

141.    Defendants deny the allegations contained in paragraph 141 of Plaintiff's Second Amended Complaint.

142.    Defendants deny the allegations contained in paragraph 142 of Plaintiff's Second Amended Complaint.

143.    Defendants deny the allegations contained in paragraph 143 of Plaintiff's Second Amended Complaint.

## COUNT VII: RETALIATION IN VIOLATION OF 42 U.S.C. § 1983 AND THE FIRST AMENDMENT (AGAINST ALL DEFENDANTS)

144.    Defendants incorporate by reference their answers to the allegations in the above paragraphs, as if fully stated herein.

145.    The allegations in paragraph 145 of Plaintiff's Second Amended Complaint are in the form of a legal conclusion and therefore no response is required.

146.    Defendants deny the allegations contained in paragraph 146 of Plaintiff's Second Amended Complaint.

147.    Defendants deny the allegations contained in paragraph 147 of Plaintiff's Second Amended Complaint.

148.    Defendants deny the allegations contained in paragraph 148 of Plaintiff's Second Amended Complaint.

149.    Defendants deny the allegations contained in paragraph 149 of Plaintiff's Second Amended Complaint.

150.    Defendants deny the allegations contained in paragraph 150 of Plaintiff's Second Amended Complaint.

151.    Defendants deny the allegations contained in paragraph 151 of Plaintiff's Second Amended Complaint.

## COUNT VIII: BREACH OF CONTRACT (AGAINST DOREEN CUNNINGHAM)

152.    Defendants incorporate by reference their answers to the allegations in the above paragraphs, as if fully stated herein.

153.    The Defendants state that they need not respond to the allegations contained in paragraph 153 of Plaintiff's Second Amended Complaint as the allegations do not apply to them.

154.    The Defendants state that they need not respond to the allegations contained in paragraph 154 of Plaintiff's Second Amended Complaint as the allegations do not apply to them.

155.    The Defendants state that they need not respond to the allegations contained in paragraph 155 of Plaintiff's Second Amended Complaint as the allegations do not apply to them.

156.    The Defendants state that they need not respond to the allegations contained in paragraph 156 of Plaintiff's Second Amended Complaint as the allegations do not apply to them.

157.    The Defendants state that they need not respond to the allegations contained in paragraph 157 of Plaintiff's Second Amended Complaint as the allegations do not apply to them.

158.    The Defendants state that they need not respond to the allegations contained in paragraph 158 of Plaintiff's Second Amended Complaint as the allegations do not apply to them.

159.    The Defendants state that they need not respond to the allegations contained in paragraph 159 of Plaintiff's Second Amended Complaint as the allegations do not apply to them.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The plaintiff is not entitled to recover as Plaintiff's Second Amended Complaint does not set forth a claim upon which relief can be granted.

### SECOND DEFENSE

Some or all of the claims set forth in Plaintiff's Second Amended Complaint are barred by applicable statute of limitations and/or by the doctrine of laches.

### THIRD DEFENSE

The defendants say that they are immune from liability as defendants' actions are privileged.

## FOURTH DEFENSE

The defendants cannot be held liable for violating the civil rights of the plaintiff as there has been no official or unofficial policy, custom, ordinance, regulation, or practice resulting in the deprivation of constitutional rights alleged.

## FIFTH DEFENSE

The doctrine of qualified immunity precludes the imposition of liability.

## SIXTH DEFENSE

The defendants say that they are immune from liability for damages for any violation of the plaintiff's civil rights under federal or state law since their conduct at all relevant times was in good faith, without malice and not in disregard of settled principles of constitutional law.

## SEVENTH DEFENSE

The defendants state that a civil rights action against the defendants must fail since they cannot be held liable under the *respondeat superior* doctrine and the plaintiff has failed to show that the defendants caused the alleged constitutional violation.

## EIGTH DEFENSE

Defendants state that plaintiff's own conduct proximately caused any and all damages sought in Plaintiff's Second Amended Complaint.

## NINTH DEFENSE

Defendants' conduct toward and treatment of plaintiff was at all times based upon legitimate non-discriminatory factors and defendants' reasons for their actions were not a pretext for discrimination.

**TENTH DEFENSE**

Plaintiff is not entitled to some, or all of the relief requested in Plaintiff's Second Amended Complaint because, even if defendants were found to have considered any impermissible factors in any decisions or actions with respect to plaintiff (which defendants deny), no such decisions or actions were motivated by any impermissible factors.

**ELEVENTH DEFENSE**

Plaintiff's damages claims are barred for failure to mitigate her damages.

**TWELFTH DEFENSE**

Some or all of plaintiff's claims fail because defendants have not violated plaintiff's rights nor have defendants acted in a manner which justifies the award of any damages.

**THIRTEENTH DEFENSE**

The defendants state that there is no evidence that defendants' conduct was negligent, willful, reckless, extreme or outrageous.

**FOURTEENTH DEFENSE**

Any statements made by the defendant, its agents, servants or employees that the plaintiff alleges were defamatory, were true, and thereby bar the plaintiff's recovery for defamation.

**FIFTEENTH DEFENSE**

There is no causal relation between the acts of defendants and the injury or damage alleged by plaintiff.

## SIXTEENTH DEFENSE

Defendants reserve the right, upon taking further discovery in this case, to assert and/or show that plaintiff's claims are barred by:

(a)     the doctrine of laches;

(b)     the doctrine of waiver;

(c)     the doctrine of estoppel;

(d)     the doctrine of unclean hands; and/or

(e)     applicable statutes of limitation.

## SEVENTEENTH DEFENSE

The plaintiff is not entitled to punitive damages for the claims alleged in the complaint

THE DEFENDANTS HEREBY DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

DEFENDANTS
AMHERST-PELHAM REGIONAL PUBLIC
SCHOOLS, MICHAEL MORRIS,
and DOUGLAS SLUGHTER

Dated:  August 16, 2024          By:      /s/ Hunter S. Keil

Hunter S. Keil, Esq., BBO # 687979
    hkeil@robinsondonovan.com
Robinson Donovan, P.C.
1500 Main Street, Suite 2300
Springfield, Massachusetts 01115
Phone (413) 732-2301

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants** on this 16th day of August, 2024.

*Subscribed under the penalties of perjury.*

*/s/ Hunter S. Keil*

Hunter S, Keil, Esq.